## John C. Wolcott *vs.* Sidney Jones.

An averment in a bill in equity that the plaintiff and another person have been compelled to pay the amount of a judgment recovered against them for the default of a third person, for whom they were sureties, without showing how much thereof was paid by the plaintiff, is not sufficiently certain to entitle him to an equitable set-off against the person on whose account the payment was made.

A bill in equity cannot be maintained to restrain the collection of an execution against the plaintiff in favor of the assignee of an insolvent debtor, on the mere ground that the plaintiff has claims against the debtor which might be the subject of set-off, there being no averment to show that the plaintiff, for any reason, could not have availed himself of his right of set-off in the action in which the judgment against him was recovered.

Bill in equity, averring that at September term of this court 1859, at Lenox, judgment was recovered against John W. Howland, Russell C. Brown and the plaintiff for " about $1500 and costs," for the default of Howland as collector of taxes for the town of Cheshire, Brown and the plaintiff being the sureties on his bond, " which said sum of money said Brown and Wolcott

have been compelled to pay;" that Howland is insolvent, and has recently obtained his discharge in insolvency; that at September term of this court 1861, at Lenox, judgment was ordered to be rendered on a verdict obtained by Sidney Jones, as assignee of Howland, against the plaintiff, for a large sum of money; " that one half of the amount paid by said Brown and Wolcott together, with other claims held by said Wolcott, are very much greater in amount than the amount of said verdict;" that the plaintiff has no other remedy than his equitable right of set-off; and that Jones is pressing his claim by taking out execution, and will, as the plaintiff believes, proceed forthwith to levy the same on the plaintiff's property. The prayer was for general equitable relief, and especially for an injunction to restrain the defendant from proceeding to collect his execution.

The defendant filed a general demurrer.

*H. L. Dawes*, (*J. N. Dunham* with him,) for the defendant.

*J. C. Wolcott*, pro se.

BIGELOW, C. J.   The allegations in this bill are uncertain and indefinite, and do not warrant the relief in equity for which the plaintiff seeks.   There is no distinct allegation that the plaintiff has paid any sum of money for or on account of said Howland which entitles him to an equitable set-off.   The bill only avers that a judgment has been recovered against Howland, and Brown and the plaintiff as sureties of said Howland, for $1500, " which said sum of money said Brown and Wolcott have been compelled to pay."   But there is no averment that the plaintiff has actually paid out of his own moneys or property any part of said sum, or any statement of the amount which is justly due to him which he claims to have set off in this suit against the judgment recovered by the defendant against him.

But if this difficulty in the allegations of the bill can be over come, there is another objection which seems to be decisive against the maintenance of this suit.   The provisions of the insolvent law, *St.* 1838, *c.* 163, § 3; Gen. Sts. *c.* 118, § 26, make ample provision for the set-off of debts due from an insolvent person against those which may be owing to him.   Under this

provision, claims not liquidated as well as those which are for ascertained and definite amounts may be balanced one against the other. The same rule is applicable to the set-off of debts in the case of the settlement of an estate of an insolvent person who is living, as is held to apply to the case of an estate of an insolvent person deceased. Settlements with such estates are final, and all mutual claims and demands may be adjusted and balanced. *Aldrich* v. *Campbell*, 4 Gray, 284, and cases cited. There is no averment in the bill from which it appears that this remedy, if the plaintiff had exercised due diligence, could not have been used by him to obtain a proper adjustment and set-off of the debt due to him against the claim on which the assignee has obtained judgment. This certainly afforded him, so far as we can infer from the statements in the bill, a clear, plain and adequate remedy. Having omitted to avail himself of it, the plaintiff cannot now seek to enforce his set-off by enjoining the assignee against the collection of the amount due on the judgment which has been recovered in due course of law against the plaintiff. *Demurrer sustained.*